J-A12021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JODY TIGHE | : | |
| | : | |
| Appellant | : | No. 1203 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 17, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000356-2019

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                             **FILED: JULY 30, 2024**

Appellant, Jody Tighe, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to two counts of aggravated arson and one count of recklessly endangering another person ("REAP").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On February 19, 2018, at approximately 2:00 a.m., Appellant set fire to an apartment building in Scranton. The fire injured several residents of the building, and it imperiled the firefighters who fought the blaze. The Commonwealth subsequently charged Appellant with 28 counts of arson,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3301(a.1)(1)(i) and 2705, respectively.

aggravated arson, risking a catastrophe, criminal mischief, and REAP. After some negotiations, Appellant agreed to plead guilty to two counts of aggravated arson and one count of REAP. In exchange, the Commonwealth withdrew the remaining charges. The parties did not agree on a particular term of incarceration.

On January 9, 2023, Appellant executed a written guilty plea colloquy. That same day, the court conducted Appellant's guilty plea hearing and oral colloquy. At the conclusion of the oral colloquy, the court accepted Appellant's plea. The court also deferred sentencing and ordered a pre-sentence investigation ("PSI") report. (*See* N.T. Guilty Plea Hearing, 1/9/23, at 10). Prior to the sentencing hearing, however, Appellant filed a motion to withdraw the guilty plea on March 27, 2023. In it, Appellant claimed that he had a plausible claim of innocence because (1) he was somewhere else at the time of the fire; (2) no eyewitnesses placed him at the scene; and (3) the only eyewitness description of a suspect near the crime scene did not match Appellant's appearance.

On April 17, 2023, the court conducted a hearing on Appellant's motion. At the conclusion of the hearing, the court denied relief. That same day, the court sentenced Appellant to an aggregate term of four to eight years' imprisonment, followed by two years of probation. Appellant timely filed a post-sentence motion on April 26, 2023, which included another request to withdraw the guilty plea. The court denied the post-sentence motion on July

- 2 -

25, 2023.

Appellant timely filed a notice of appeal on August 15, 2023. On August 28, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following an extension, Appellant filed his Rule 1925(b) statement on October 10, 2023.

Appellant now raises the following issues for this Court's review:

> Whether the court abused its discretion in denying Appellant's motion to withdraw guilty plea prior to sentencing by order dated April 17, 2023?
>
> Whether the court abused its discretion in denying Appellant's post-sentence motion to withdraw guilty plea by order dated July 25, 2023?
>
> Did the [trial] court err and abuse its discretion in its imposition of an unreasonable and excessive sentence?
>
> Did the [trial] court err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, Appellant's background, mitigating circumstances, and/or refusing to reduce the aggregate sentence imposed of four (4) to eight (8) years in a state correctional facility to be followed by two (2) years consecutive probation?

(Appellant's Brief at 3-4).

In his first issue, Appellant contends that the record does not contradict the claim of actual innocence that he set forth in his pre-sentence request to withdraw the guilty plea. Appellant insists he presented fair and just reasons in support of his request, including his allegation that he had not received

discovery at the time he entered the plea.[2]  Additionally, Appellant avers that the Commonwealth did not provide evidence that weighed against his assertion of innocence.  Although there was some evidence that Appellant was near the crime scene shortly after the fire broke out, Appellant asserts that this fact does not automatically demonstrate guilt or undermine his claim of innocence.  Appellant concludes that the court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea, and this Court must vacate his judgment of sentence and remand the matter for further proceedings.  We disagree.

Our review of the denial of a pre-sentence motion to withdraw a guilty plea implicates the following principles:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."  Pa.R.Crim.P. 591(A).  The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
> Trial courts have discretion in determining whether a

---

[2] The record belies Appellant's assertion that the Commonwealth failed to provide discovery.  Specifically, Appellant was represented by multiple attorneys in the trial court.  While the Commonwealth passed discovery to Appellant's first three attorneys, it refused to provide a fourth copy of discovery to Appellant's counsel in 2022.  (**See** Motion to Compel Discovery, filed 2/7/22, at ¶8).  Thus, the court ordered counsel "to obtain discovery from [Appellant's] prior counsel and to confer with counsel for the Commonwealth to determine what, if any, additional materials" the Commonwealth should furnish. (Order, filed 3/3/22, at 1).

- 4 -

withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 631 Pa. 692, [704,] 115 A.3d 1284, … 1291-92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa.Super. 2013).

*Commonwealth v. Davis*, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal denied*, 650 Pa. 308, 200 A.3d 2 (2019) (quoting *Commonwealth v. Blango*, 150 A.3d 45, 47 (Pa.Super. 2016)).

[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Carrasquillo, supra* at 705-06, 115 A.3d at 1292 (internal citation omitted).

"[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa.Super. 2017) (footnote omitted).

Additionally, a defendant's failure to establish a plausible claim of

- 5 -

innocence renders unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. **See Carrasquillo, supra** at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth, because defendant failed to assert plausible claim of innocence); **Commonwealth v. Hvizda**, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed where defendant made only bare assertion of innocence).

Instantly, the trial court considered the timing of Appellant's pre-sentence motion to withdraw the guilty plea and determined that no relief was due:

> Here, as this court ruled at the time of the hearing on the presentence motion to withdraw the guilty plea, this case has been going on since 2018, and the evidence [Appellant] asserted supported his claim of innocence was not new and had been raised by [Appellant] in various omnibus motions and did not establish his innocence. Because [Appellant] had ample opportunity to review his discovery in the almost four-year period since the Commonwealth produced it, and to weigh the evidence against him during the five-year period that the case was pending, it was not an abuse of discretion for this court to find that this motion was just a delay tactic and to deny his presentence motion to withdraw his plea.

(Trial Court Opinion, filed 10/24/23, at 5-6).

Moreover, the court concluded that the Commonwealth would suffer prejudice if it granted Appellant's motion:

> The court … found that the Commonwealth would be prejudiced if the court allowed [Appellant] to withdraw his plea, since the case had been going on since 2018, and witnesses and victims had relocated and changed their

- 6 -

phone numbers. The court stated that this was just another delay tactic on [Appellant's] part, and that evidence in the case is overwhelming against [Appellant] and does not support his claim of innocence.

(*Id.* at 4) (record citations omitted). We agree with the court's analysis.

Our own review demonstrates that the record undermines the plausibility of Appellant's claim of actual innocence. The record confirms the court's finding that Appellant's pretrial filings delayed the resolution of this case on multiple occasions. Additionally, Appellant's omnibus pretrial motions tested some of the same defenses Appellant raised in support of his innocence claim. These defenses hinged on attacking the evidence produced during the Commonwealth's criminal investigation.

Nevertheless, the Commonwealth's evidence survived Appellant's pretrial attacks. Police recovered a scarf approximately 50 yards from the crime scene. (Affidavit of Probable Cause, dated 8/29/18, at ¶4). Subsequent testing revealed that Appellant's DNA was present on the scarf. (*Id.* at ¶9). Police also recovered surveillance footage from the crime scene, which depicted the suspect wearing "all dark clothing," running from the scene of the crime. (*Id.* at ¶5). In the surveillance footage, "the suspect's left lower leg and shoe and lower leg are on fire." (*Id.*) Another camera captured "a small black Crossover/hatch back vehicle" fleeing the scene. (*Id.*) Police subsequently interviewed a witness who identified Appellant as a suspect. (*Id.* at ¶6). The witness provided police with photographs that Appellant sent to a mutual acquaintance, which depicted Appellant on the night of the fire

"dressed in all black and his left lower leg and foot were burned[.]"[3] (*Id.*) The witness also confirmed that Appellant drove "a black Nissan Murano," which "was consistent with the video of the fleeing vehicle captured by a camera on February 19." (*Id.*)

Based upon the foregoing, the court did not err in finding that Appellant failed to demonstrate a fair-and-just reason to withdraw his guilty plea. *See Carrasquillo, supra*; *Davis, supra*. Based upon the timing of the withdrawal request, as well as the strength of the Commonwealth's evidence, we agree that Appellant failed to demonstrate a plausible claim of innocence. *See Carrasquillo, supra*; *Islas, supra*. Therefore, Appellant is not entitled to relief on his first issue.

In his second issue, Appellant acknowledges that the standard for a post-sentence request to withdraw a guilty plea is more stringent than a pre-sentence request, and it requires a defendant to prove that a manifest injustice would result from the denial of the request. Nevertheless, Appellant relies on *Hvizda, supra* and *Commonwealth v. Baez*, 169 A.3d 35, 42 n.2 (Pa.Super. 2017), for the proposition that "the presentence standard applies where, as here, the parties negotiate a sentence, but the defendant moves to

---

[3] The certified record on appeal includes copies of these photographs.

withdraw the plea prior to sentencing."[4] (Appellant's Brief at 16). Appellant concludes that the court erred in denying his post-sentence motion to withdraw his guilty plea, and this Court must vacate the judgment of sentence and remand for further proceedings. We disagree.

Our review of the denial of a post-sentence motion to withdraw a guilty plea implicates the following principles:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa.Super. 2018) (citation omitted).

"In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." *Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa.Super. 2017). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing

_____

[4] We reiterate that the parties did not negotiate Appellant's sentence. (*See* Written Plea Colloquy, dated 1/9/23, at 2) (providing space to "state specifically in detail any plea agreement," then merely listing three counts from criminal information to which Appellant pled guilty). Thus, we evaluate Appellant's post-sentence motion to withdraw the guilty plea under the "manifest injustice" standard, which we discuss *infra*.

ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa.Super. 2015) (quoting ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005)). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009). ***See also*** Pa.R.Crim.P. 590, *Comment*.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa.Super. 2018) (quoting ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003)). "[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa.Super. 2018).

Instantly, Appellant executed the written guilty plea colloquy on January 9, 2023. In it, Appellant acknowledged that he reviewed the pending charges. (***See*** Written Plea Colloquy at 1). Appellant confirmed his understanding of the presumption of innocence and his right to a bench or jury trial. (***Id.*** at

2). Appellant also confirmed his understanding that he faced a maximum sentence of 42 years' imprisonment and $55,000.00 in fines. (*Id.* at 3). In his own handwriting, Appellant listed the elements of the offenses at issue. (*Id.*) Regarding the facts at issue, Appellant wrote that he "set fire to 640 Willow St." (*Id.*at 4).

That same day, the court conducted the oral guilty plea colloquy. During the oral colloquy, Appellant reiterated that he had reviewed the written colloquy with his attorneys. (*See* N.T. Guilty Plea Hearing at 4). Appellant stated that he understood he was giving up his right to go to trial by pleading guilty. (*Id.* at 5). The court informed Appellant of the maximum sentencing exposure and fines for each offense. (*Id.* at 6). The Commonwealth then provided the factual basis for the plea, and Appellant admitted that the Commonwealth's facts were accurate. (*Id.* at 7-9). At the conclusion of the oral colloquy, Appellant stated that he still wanted to plead guilty. (*Id.* at 9).

While Appellant may not be pleased with the outcome of his decision to plead guilty, the law requires only that he made a knowing, voluntary, and intelligent decision to plead guilty. *See Jabbie, supra*. Appellant is now bound by the statements made in the written and oral colloquies, which indicate that he wanted to enter the plea. *See Pier, supra*. Under the totality of these circumstances, Appellant's plea was valid. *See Hart, supra*. Therefore, Appellant failed to demonstrate a manifest injustice, and he is not entitled to relief on his second issue. *See Kehr, supra*.

In his third and fourth issues, Appellant argues that the aggregate sentence "is contrary to the intent of the Pennsylvania Sentencing Guidelines" because "the crime consisted of one (1) event[.]" (Appellant's Brief at 19). Appellant contends that the excessive aggregate sentence "does nothing to provide more effective treatment to offenders and to allow them to break the cycle of crime and imprisonment." (*Id.* at 20). Appellant concludes that this Court must vacate his judgment of sentence and remand the matter for the trial court to impose a lesser term of imprisonment. As presented, Appellant's challenge implicates the discretionary aspects of sentencing. *See Commonwealth v. Leatherby*, 116 A.3d 73, 82-83 (Pa.Super. 2015) (explaining arguments that defendant received excessive sentence and court failed to articulate reasons for sentence implicates discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

- 12 -

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (quoting *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa.Super. 2011)).

Instantly, Appellant's post-sentence motion did not include his challenge to the discretionary aspects of sentencing. Further, Appellant did not raise this claim at the conclusion of the sentencing hearing. (*See* N.T. Sentencing Hearing, 4/17/23, at 14-15). Thus, Appellant has waived any challenge to the discretionary aspects of sentencing. *See Cartrette, supra*; *Evans, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/30/2024

- 13 -